Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2024

SEAN F. MCAVOY, CLERK

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:23-CR-2057-SAB |
| Plaintiff, | Plea Agreement |
| v. | |
| CALVIN JACE MOORE, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney for the Eastern District of Washington, and Defendant Calvin Jace Moore ("Defendant"), both individually and by and through Defendant's counsel, Sandy D. Baggett, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count 3 of the Indictment filed on October 11, 2023, which charges Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

Defendant understands that the following potential penalties apply:

a.    a term of imprisonment of up to 15 years;

b.    a term of supervised release of up to 3 years;

PLEA AGREEMENT - 1

c.    a fine of up to $250,000; and

d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

PLEA AGREEMENT - 2

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

PLEA AGREEMENT - 3

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    <u>Elements of the Offenses</u>

The United States and Defendant agree that to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on July 13, 2023, within the Eastern District of Washington, Defendant knowingly possessed a firearm;

    b.    *Second*, the firearm had been shipped from one state to another or between a foreign nation and the United States;

    c.    *Third*, at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

PLEA AGREEMENT - 4

d.    *Fourth*, at the time Defendant possessed the firearm, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about January 29, 2013, the Defendant was convicted of multiple felony offenses in the Superior Court of Washington for Yakima County in case number 12-1-00883-9. The Defendant was imprisoned for a term exceeding one year and fully aware that as a result of the conviction, he was prohibited from possessing a firearm in the future.

On July 13, 2023, there was an incident in front of a convenience store located in Toppenish, Washington. Ultimately, the Defendant was found in possession of a firearm.

Law enforcement arrived and took possession of the firearm. The firearm was identified as a Charter Arms. Model Undercover, .38 caliber revolver, bearing serial number 55814. An E-Trace revealed that the firearm had previously been reported as stolen out of King County, Washington.

Law enforcement officers subsequently obtained a search warrant for the truck and discovered .38 caliber bullets, and small amounts of methamphetamine and marijuana.

PLEA AGREEMENT - 5

Special Agent M. Pratt of the Federal Bureau of Investigation ("FBI") inspected the firearm and determined it had been manufactured in Massachusetts.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing. Furthermore, at the time of sentencing the United States Attorney's Office for the Eastern District of Washington agrees to dismiss Counts 1 and 2 of the Indictment filed on October 11, 2023.

9.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a.    Base Offense Level

The United States and the Defendant believe that the base offense level is 14. U.S.S.G. § 2K2.1(a)(6).

b.    Specific Offense Characteristic

The United States and the Defendant have no agreement as to the applicability of any specific offense characteristics.

c.    Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

i.    accepts this Plea Agreement;

PLEA AGREEMENT - 6

    ii.      enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.     provides complete and accurate information during the sentencing process; and

    v.      does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d.    No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    e.    Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

10.    Incarceration

PLEA AGREEMENT - 7

The United States agrees to recommend that the Court impose a sentence at the low end of the guideline range as determined by the court. The Defendant is free to recommend any legal sentence.

11.  Supervised Release

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.  The United States Probation Officer may conduct, upon reasonable suspicion of a violation of supervised release, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.  Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.  Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

PLEA AGREEMENT - 8

d.    Defendant shall not communicate, associate, or otherwise interact, with any known criminal street gang member or their affiliates, without first obtaining the permission of the probation officer.

12.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Charter Arms, Model Undercover, .38 caliber revolver, bearing serial number 55814.

Defendant acknowledges that the asset listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant

PLEA AGREEMENT - 9

knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

13.    Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine.  Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.    Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17.    Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

PLEA AGREEMENT - 10

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18.    Admissibility of Facts and Prior Statements

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to any facts Defendant admits and/or any statements Defendant makes in court.

PLEA AGREEMENT - 11

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant,

PLEA AGREEMENT - 12

and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          5-27-24
Thomas J. Hanlon                          Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          3/27/24
Calvin Jace Moore                         Date
Defendant

PLEA AGREEMENT - 13

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____          3/27/24
Sandy D. Baggett                                Date
Attorney for Defendant

PLEA AGREEMENT - 14